## SUPREME COURT—IN BANCO.

### *Harris and Judd, J. J.* ₀

IN RE PETITION OF F. T. LENEHAN ET AL., FOR A WRIT OF
MANDAMUS.

APPEALS from a single Justice to the Supreme Court in Banco may
be heard by the Judges in Chambers before the occurring of the
regular law term.

Appeal may be taken from the ruling of a Justice in Chambers deny-
ing a Writ of Mandamus to the Court in Banco.

The papers in this case show that the Minister of the
Interior brought an action against F. T. Lenehan and A. S.
Cleghorn in the Police Court of Honolulu to recover the
penalty of a bond of the principal defendant as licensed
vendor of spirituous liquors at retail. Judgment was ren-
dered for the plaintiff on the 18th of August, 1876. The
defendants noted an appeal to the Supreme Court and asked
for a certificate, which was refused by the Police Justice on
the 25th of August.

On the same day the defendants applied by petition to the
First Associate Justice of the Supreme Court at Chambers
for a Writ of Mandamus, to compel the Police Justice to
certify up the said appeal.

An order to show cause was issued returnable on the 30th
August. The Police Justice sent up his record and submit-
ted that upon the records he was right in refusing the
appeal, thus exhibiting the whole case at once. Argument
was had and the writ was, on the 23d October, 1876, refused.

The petitioners noted an appeal, verbally, the same day,
and on the 25th October the Attorney General appeared
before the Supreme Court, then sitting in Banco at the term,

In re petition of F. T. Lenehan et al.

and asked the Court to set some time in vacation for hearing the question he intended to raise as to whether an appeal would lie from an order at Chambers refusing a Writ of Mandamus. The Court set the 2d of November for the hearing, and the counsel for the petitioners took notice. The Supreme Court adjourned *sine die* on the 27th of October.

The members of the Court came in on the 2d November, but the case went over until the 3d, when the Attorney General moved to dismiss the appeal on the ground that the order of the First Associate denying the writ could not be appealed from. The counsel for the petitioners submitted that he is not called upon to present his case, because under the statute and rules of Court the appeal and all questions concerning it come on for hearing at the next regular term of the Appellate Court.

Section 859 of the Civil Code allows an appeal to the full Court in Banco from any decision, judgment, order, or decree made by any Justice of the Supreme Court at Chambers. There is nothing in the statute limiting the power of the Court to hear such appeals to their sessions during the four regular law terms prescribed by statute.

If the original jurisdiction being at Chambers may be invoked at all times, the statute allowing an appeal should not be construed so as to abridge the rights of such suitors, unless it is so clearly expressed. Before the promulgation of Rule 4 it was the uniform practice of the Supreme Court to hear cases on appeal from decisions made by a Justice at Chambers at any time when the members of the Court could be called together in Banco. This was found to be conducive of delay from there being no fixed time at which such appeals must be heard, and in 1871 the rule was framed, the last paragraph of which reads: "All appeals duly taken shall be heard at the next regular term of the Appellate Court." If this rule limits the authority of the

93

Court, so that no longer any authority exists to hear appeals of this nature in Banco at Chambers, it would follow that they can hear no appeal except at the regular law term of the Court and an appeal from a judgment of a single Justice sitting as a Court of Admiralty condemning or releasing a foreign ship, could not be heard until the recurring of a regular law term, and the suggestion made by the counsel for the petitioners at the hearing that a special term might be holden would not be of any avail to prevent the working of injustice through the construction which is offered for the defendant, because that then it would be argued that the rule prescribes the hearing at the next "regular term," and a "special term" is not a "regular term."

The fact is that the rule was made to secure promptitude and not to interpose delays. We construe the rule to mean that all such appeals must be moved on, and shall be heard at least as early as the next law term of the Appellate Court, and does not limit the authority of the Court to hear an appeal in vacation when justice may seem to require it. In this particular instance, it was a mere accident that the judgment now appealed from was not given in the early days of the term or even before the term commenced, and certainly it would be far from justice to say that the Court could not or would not hear a case which has been so delayed and which has been pending a long time, when there is no real reason to prevent its being heard.

The petitioners claim that a wrong has been done them, and very properly they come quickly to one of the Judges of this Court for redress, and not obtaining it as hoped for from him, they appeal to the full Court; and it is of course the duty of the Court to give them the redress (if they are entitled to any) as soon as possible. It would not be supposed that the petitioners would desire any delay in rectifying the wrong of which they complain.

The Attorney General contends that the appeal should be

dismissed, because a Writ of Mandamus is a high preroga-
tive writ, to be issued in such cases as this at the discretion
of the Court invoked, and as its allowance is, under the
wording of the last paragraph of Section 859 of the Civil
Code, not appealable, so its refusal is not appealable. In
view of the wording of the statute we see no reason for
refusing to allow the legal discretion exercised by a single
Justice in matters so important as this to be reviewed by the
Court in Banco. This is certainly a much better practice
than the other course to which parties would be driven, of
being obliged, if the mandamus was refused by one Judge,
to apply to another.

We notice also that in the case of John Thos. Waterhouse,
2 Haw. Rep., p. 251, an appeal was thus taken on the refusal
of the Chief Justice to issue a Writ of Mandamus.

There remains now the final question as to whether the
writ should be allowed. As indicated above, the Police
Justice in complying with the order to show cause, has sent
up his whole record as fully as if a Writ of Error or a Writ
of Certiorari had been asked for and granted.

We are, therefore, furnished with as complete a knowl-
edge of the case as if it had come up on appeal. The case of
the Minister of the Interior *vs.* Glover (April term, 1876),
decides that in actions like the one from which these pro-
ceedings have arisen there is no appeal to a jury on issues of
fact. An appeal then only remains upon exceptions to the
decision of Police Court on points of law in accordance with
the last paragraph of Section 1006 of the Civil Code. These
points of law must always be made to appear. We find
nothing in the papers sent up except the one objection made
by the defendants that the execution of the bond was not
sufficiently proved. But the record itself shows that the
subscribing witness to the bond gave testimony which satis-
fied the Police Justice. Upon reviewing it, we find that
there was satisfactory proof of the execution of the bond, and

that the Police Justice committed no error of law in finding the bond proved.

The writ prayed for is therefore denied.

A. S. Hartwell for the petitioners.

The Attorney General for the respondents.

Honolulu, November 6th, 1876.